IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEDRICK THORNTON,<br>ID # 25004035,<br>Plaintiff, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | No. 3:26-CV-345-N-BW |
| 292nd TRIAL COURT DALLAS,<br>TEXAS,<br>Defendant. | §<br>§<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is correspondence received from Shedrick Thornton on

February 9, 2026.  (Dkt. No. 2.)  Based on the relevant filings and applicable law, the

Court should summarily **DISMISS** this action as barred by the "three-strikes" rule of

28 U.S.C. § 1915(g) unless Thornton timely pays the full $405 filing fee.

## I.  BACKGROUND

Thornton, an inmate at the Dallas County Jail, filed correspondence in this

Court that has been initially construed and docketed as a prisoner civil rights

complaint under 42 U.S.C. § 1983.  (*See id.*)  In his filing, Thornton complains about

alleged service defects relating to a 2014 civil protective order entered against him by

default judgment in the 292nd Judicial District Court of Dallas County, Texas, and

argues that the state trial court lacked subject matter jurisdiction in the case because

of the alleged service defects.  (*See id.* at 1, 21-23.)  He appears to challenge the state

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full
case management.

trial court's failure to vacate the civil default judgment entering that protective order in light of the alleged service defects, as well as the failure of the state intermediate appellate court and Texas Supreme Court to exercise jurisdiction and rule in his favor on his attempts to vacate the default judgment. (*See id.* at 1, 21-23, 28.) He also appears to allege violations of his due process and First Amendment rights. (*See id.* at 23-29.)

## II.  THREE STRIKES

Because Thornton filed this action without prepayment of the requisite filing fees, it is subject to review under the Prison Litigation Reform Act ("PLRA"). Under the "three-strikes" provision of the PLRA, a prisoner may not proceed in a civil action without the prepayment of fees if, while confined as a prisoner, he has previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is under imminent danger of serious physical harm. *See* 28 U.S.C. § 1915(g); *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020).

For purposes of § 1915(g), Thornton has accrued at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See, e.g.*, *Thornton v. Clinton*, No. 24-10585, 2024 WL 4708921, at *1 (5th Cir. Nov. 7, 2024) (counting district court's dismissal of civil rights case as frivolous and dismissal of appeal as frivolous as strikes for purposes of § 1915(g) and identifying two prior strikes accrued by Thornton under § 1915(g)); *Thornton v. Pittman*, No. 23-10098, 2023 WL 3690428, at *2 (5th Cir. May 26, 2023)

2

(counting district court's dismissal of civil rights case under § 1915A and § 1915(e)(2)(B) and dismissal of appeal as frivolous as strikes for purposes of § 1915(g)).  To the extent Thornton references mandamus relief or otherwise seeks to characterize this case as a mandamus action, the Court notes that § 1915(g) also applies to mandamus actions where the underlying action is civil in nature, as here.  *See, e.g.*, *In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998).

Having accumulated at least three "strikes," Thornton is barred under § 1915(g) from proceeding in this action without prepayment of the filing fee, unless he shows that he is in "imminent danger of serious physical injury" at the time he files suit.  *Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998).  To constitute imminent danger, "the threat or prison condition must be real and proximate."  *Valdez v. Bush*, No. 3:08-CV-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (citations and internal quotation marks omitted).

Here, Thornton makes no factual allegations suggesting that he is in imminent danger of serious physical injury.  Accordingly, he must prepay the $405 filing fee before he may proceed with this case.[2]

## III.  RECOMMENDATION

The Court should summarily **DISMISS** this action without prejudice as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless Thornton pays the full

---

[2] The Court notes that the construed complaint also appears to fall short of the basic pleading requirements of Federal Rule of Civil Procedure 8(a).  In the event Thornton pays the full filing fee or this action otherwise proceeds, the Court may revisit Thornton's pleading deficiencies.

$405 filing fee[3] prior to acceptance of this recommendation, or before a deadline otherwise established by the Court.

**SO RECOMMENDED** on February 26, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[3] As of December 1, 2023, a $55 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $405 for a civil action in which the plaintiff has not sought or been granted leave to proceed in forma pauperis. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed in forma pauperis, only the $350 filing fee will be deducted from the prisoner's account; the $55 administrative fee will not be deducted.